## Stelmack et ux. v. Glen Alden Coal Co.

*Alex Marcus* and *Vosburg & Vosburg*, for plaintiffs.

*J. Hayden Oliver*, *Franklin B. Gelder*, and *C. P. O'Malley*, for defendant.

LEACH, P. J., April 11, 1938.—Upon trial of the case plaintiffs asked leave to file an amended statement of claim, setting forth certain additional claims as to the

basis of their motion. A rule was granted and defendant opposes the filing of the amended statement of claim on the grounds: (1) That the proposed amendment introduces a new and different cause of action after the bar of the statute of limitations has intervened; (2) that the proposed amendment is vague, evasive, and indefinite, and consists merely of conclusions of the pleader and fails to state the time or the person or the opportunity of any person to make the alleged contract on behalf of defendant.

As to the first objection, it is true that the promise was made in November 1927, and the damage occurred at various times between the year 1928 and 1931. There is an allegation that the promises were reiterated in 1932 and 1934. If this allegation be true the statute of limitations would not apply.

The other objection is well taken. It is alleged that a certain promise to prop up the premises was made by Mr. Watkin Williams on November 25, 1927, and that it was succeeded by definite action of the company between 1929 and 1931. The other promise set forth in paragraph 6, "that defendant company by its authorized agents and employes orally promised to make all necessary repairs and restore plaintiffs' premises and building to its original condition", is vague and indefinite, as the names of the agents are not given nor is the time or place when the promises were made. A similar objection as to vagueness is valid as to the allegations of paragraph 7. The allegation is "that defendant company by its agents and employes in 1931, 1932, and 1934, and at divers other times reiterated its original promise". The person making the promise, and a definite time as to when the promises were made, should be set forth.

Now, April 11, 1938, the rule to file the amended statement of claim, contained in the paper on which the rule was granted, is discharged.